LABORDE, PLAINTIFF AND APPELLEE, *v.* LÓPEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 1728.—Decided June 29, 1918.

CONTRACT—EVIDENCE—CONDITION PRECEDENT.—A contract must be conclusive in its *terms.* It does not become effective as an act until all of its terms and conditions are fully expressed.

When a document is introduced in evidence against a party as implying a contract entered into by him there is no rule of law which prevents him from showing that the contract was never consummated.

Oral evidence is admissible to show that a document in the form of a contract never became effective as a contract. In other words, oral evidence may be admitted to prove a separate agreement constituting a condition precedent to the enforcement of the obligation in accordance with the terms of the document.

The facts are stated in the opinion.

*Messrs. Huyke* and *López del Valle* for the appellant.

*Messrs. Eugenio Benítez, Miguel Guerra* and *M. Benítez Flores* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The complaint herein alleged in substance—

That in May, 1914, defendant, a creditor of the Borinquen Sugar Company, then in the hands of a receiver, executed, subscribed, and delivered to plaintiff the following document:

"Humacao, April 19, 1914.—Mr. Alejandro Laborde, City.—My dear Sir: You are hereby authorized, by any means available, to undertake the collection of $5,391, the amount of rents covering the period from April 1st, 1913, to April 1st, 1914, due from Mr. Hernand Behn, receiver of the corporation Borinquen Sugar Co. In naming you as my agent and representative for such purpose I also authorize you for your account and at your risk to employ counsel if necessary, it being understood that I accept in payment of the above-mentioned debt fifty per cent thereof, to be received from you, and to that end I authorize you to sign and endorse with my name the check that for said sum may be delivered to you, allowing you as a commission for your services the benefit of any excess that you may receive from said Hernand Behn.—I am very truly yours.— (Signed) Patricio J. López."

That plaintiff and the attorneys retained and paid by him actively pressed the said claim before a special master in chancery, who reported the same as preferred, before the receiver and his attorney, before the representative of a committee on reorganization, who submitted to the court a proposition which met with approval, and before the judge of the Federal Court.

That defendant meanwhile, in violation of his agreement, attempted to obstruct and did obstruct the efforts of plaintiff and of his attorneys, retaining other counsel, repudiating the contract with plaintiff, and challenging the authority of plaintiff's attorneys to act, both before the Federal Court and before its receiver.

The answer admitted execution, signature, and delivery of the document described in the complaint, but alleged—

"* * * that such letter delivered to the plaintiff was so delivered subject to the condition that no use would be made of it until Pedro Más should sign another like letter authorizing Mr. Laborde, plaintiff herein, to collect his claim against the Borinquen Sugar Co. and defendant alleges that such letter was not so signed by Pedro Más, who gave no authorization whatsoever to the plaintiff. The defendant further alleges that upon receiving the news that the plaintiff had not obtained any authorization from Mr. Más, he instructed Mr. Laborde to take no further steps."

The trial judge admitted evidence both in support of this averment and in rebuttal, but later, without any finding of fact in this regard, rendered judgment for plaintiff upon the following ground:

"In accordance with the pleadings of the parties, and as a result of all the evidence introduced, we think that all the essential facts alleged in the complaint and constituting the cause of action therein set forth have been satisfactorily proved; for, the execution of the contract having been admitted and the plaintiff himself alleging the recovery of the amount of his claim through the efforts of third parties, we understand that the only question to be decided herein is whether any legal force should be given to the defendant's contention that the authorization given in writing was subject to the fulfilment of a condition not mentioned in the contract itself.

"In this regard we understand that this case should be controlled by the principle that a written contract must be deemed to contain all the terms of the agreement and that there can be no evidence of conditions not contained in the document itself; and as fraud· or other similar element had not been pleaded, the defendant cannot assail his solemn agreement, nor can this court attach any probative value to the evidence introduced for that purpose by the defendant. *Morales et al.* v. *Díaz*, P. R. R., Advance Sheet No. 281."

The case of *Morales* v. *Díaz*, 24 P. R. R. 691, is not in point. The action there was to annul a formal deed of conveyance for breach of a promise by the purchaser, alleged to have constituted a part of the consideration, to lend the vendor five hundred dollars. Upon the evidence the trial

court found that the agreement in question was an independ-
ent contract, and this court concurred in that view of the mat-
ter.   No question seems to have been raised in that case as
to a condition precedent.   Section 25 of the Law of Evidence,
quoted in full and applied in *Morales* v. *Díaz,* expressly ex-
cepts cases "where the validity of the agreement is the fact
in dispute."   Here the defense is based squarely on the pro-
position that there is no contract.

"The act must be final in its *utterance.*   It does not come into
existence as an act until the whole has been uttered.   As almost all
important transactions are preceded by tentative and preparatory
negotiations and drafts, the problem is to ascertain whether and when
the utterance was final; because until there has been some finality
of utterance, there is no act.   The necessity for a delivery of a docu-
ment, and the nature of a delivery, are here the most usual questions
in practice."   IV Wigmore on Evidence, p. 3374, sec. 2404.

"Whenever, therefore, certain conduct or writing is put forward
against a party as his purporting act, no principle prevents him from
showing that there never was a consummation of the act."   *Id.,* p.
3382, sec. 2408.

"Ordinarily when a written contract is made and delivered, and
nothing remains to complete its execution, parol evidence is inadmis-
sible to prove an understanding that it was not intended to be opera-
tive according to its terms.   But the existence of a written instru-
ment does not prevent the party apparently bound from proving that
the parties contemporaneously entered into a distinct oral agreement
constituting a condition on which the performance of the written
contract was to depend."   10 R. C. L., p. 1041, sec. 234; *id.,* p. 1051,
sec. 244.

"Parol evidence is admissible to show that a writing, in the form
of a contract, never became operative as a contract.   In other words,
a separate agreement, constituting a condition precedent to the at-
taching of any obligation under the writing, may be shown by parol
evidence."   10 R. C. L., p. 1053, sec. 249.

Indeed, the instant case is the typical illustration of the
rule.   See IV Wigmore, p. 3385, sec. 2410, and cases cited.

The judgment appealed from must be reversed and the case remanded.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.